# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:07cr2-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| GREGORY MICHAEL McMAHAN. | ) | |

**THIS MATTER** is before the Court[1] on the Defendant's letter filed on April 4, 2012, which the Court construes as a motion to waive or postpone the restitution payments that he is required to make through the Inmate Financial Responsibility Program (IFRP). [Doc. 65].

The Bureau of Prisons has the authority to place a defendant in the IFRP based on the wording contained in the criminal judgment. See United States v. Watkins, 161 F. App'x 337, 337 (4th Cir. 2006); Bramson v. Winn, 136 F. App'x 380, 381 (1st Cir. 2005). Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark, 166

---

[1] The Defendant addresses his letter to the Honorable Lacy Thornburg, who sentenced the Defendant in 2007. Judge Thornburg, however, has since retired from the bench, and this case has been reassigned to the undersigned.

F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to waive or postpone the restitution payments that he is required to make through the IFRP [Doc. 65] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 17, 2012

Martin Reidinger
United States District Judge